# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| GERMAR RUDOLF | ) |
| and | ) |
| JENNIFER RUDOLF, | ) |
| 10 Woodland Ave. | ) |
| Fox Lake, IL 60020 | ) |
| Plaintiffs, | ) |
| v. | ) |
|  | ) Civil Case No.: _____ |
| UNITED STATES DEPARTMENT OF STATE; | ) |
| 2201 C Street NW | ) |
| Washington, DC 20520 | ) |
|  | ) |
| HILARY CLINTON, United States Secretary of State; | ) |
| U.S. Department of State | ) |
| 2201 C Street NW | ) |
| Washington, DC 20520 | ) |
|  | ) |
| UNITED STATES CONSULATE GENERAL FRANKFURT; | ) |
| U.S. Consulate General Frankfurt | ) |
| Gissener Strasse 30 | ) |
| 60435 Frankfurt am Main | ) |
| Germany | ) |
|  | ) |
| EDWARD M. ALFORD, Consul General | ) |
| U.S. Consulate General Frankfurt | ) |
| Gissener Strasse 30 | ) |
| 60435 Frankfurt am Main | ) |
| Germany | ) |
|  | ) |
| ANNE SIMON, U.S. Consulate Frankfurt Visa Branch Chief; | ) |
| U.S. Consulate General Frankfurt | ) |
| Gissener Strasse 30 | ) |
| 60435 Frankfurt am Main | ) |
| Germany | ) |
|  | ) |

| | |
|---|---|
| CHRIS VOGT, U.S. Consulate Frankfurt | ) |
| Immigrant Visa Unit Chief; | ) |
| U.S. Consulate General Frankfurt | ) |
| Gissener Strasse 30 | ) |
| 60435 Frankfurt am Main | ) |
| Germany | ) |
| | ) |
| JANET NAPOLITANO, Secretary, | ) |
| Department of Homeland Security; | ) |
| U.S. Dept. of Homeland Security | ) |
| Office of the General Counsel | ) |
| Washington, DC 20528 | ) |
| | ) |
| ALEJANDRO MAYORKAS, Director, | ) |
| U.S. Citizenship and Immigration Services; | ) |
| U.S. Dept. of Homeland Security | ) |
| U.S. Citizenship and Immigration Services | ) |
| Office of the Chief Counsel | ) |
| 20 Massachusetts Ave. N.W., Room 4210 | ) |
| Washington, DC 20529-2120 | ) |
| | ) |
| PAMELA G. HUTCHINGS, Field Office Director | ) |
| U.S. Citizenship and Immigration Services Atlanta | ) |
| U.S. Citizenship and Immigration Services; | ) |
| U.S. Dept. of Homeland Security | ) |
| U.S. Citizenship and Immigration Services | ) |
| Office of the Chief Counsel | ) |
| 20 Massachusetts Ave. N.W., Room 4210 | ) |
| Washington, DC 20529-2120 | ) |
| | ) |
|                                   Defendants. | ) |
| Serve: U.S. Attorney General | ) |
| U.S. Department of Justice | ) |
| 950 Pennsylvania Avenue, NW | ) |
| Washington, DC 20530-0001 | ) |
| | ) |
| Serve: U.S. Attorney for the Northern District | ) |
| of Illinois, Eastern Division | ) |
| 219 S. Dearborn St., 5th Floor | ) |
| Chicago, IL 60604 | ) |
| _____ | ) |

## COMPLAINT FOR DECLARATORY JUDGEMENT AND PETITION FOR A WRIT OF MANDAMUS

COME NOW, Germar Rudolf ("Mr. Rudolf") and Jennifer Rudolf ("Mrs. Rudolf"), husband and wife, Plaintiffs in the above-styled matter and for their cause of action would show the Court the following:

1. This action is brought against the Defendants to compel action on an immigrant visa application, which was filed by Mr. Rudolf pursuant to the approval of an I-130 Immigrant Petition for Alien Relative ("I-130 Petition"), filed on his behalf by his wife, Mrs. Rudolf. The National Visa Center ("NVC") completed processing of Mr. Rudolf's case on November 12, 2009 and forwarded his file to the United States Consulate in Frankfurt ("U.S. Consulate") on the same day. Since November 12, 2009, now over a year, Mr. Rudolf's immigrant visa application has been on file with the Department of State ("State Department") at the U.S. Consulate and Defendants have failed to complete the processing of Mr. Rudolf's case. Furthermore, Mr. Rudolf's I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal ("I-212 Application") has been pending with the United States Citizenship and Immigration Services ("USCIS") for close to two years and it is yet to be adjudicated. The Defendants have no legitimate explanation for these delays, and have continued to improperly withhold action on said applications to Plaintiffs' substantial detriment.

## PARTIES

2. Plaintiff Mr. Rudolf is a 46 year old native and citizen of Germany. He was last admitted to the United States on August 18, 2000 and was wrongfully removed from the United States on November 14, 2005. Mr. Rudolf attended his immigrant visa interview at the U.S. Consulate in Frankfurt, Germany on April 28, 2010 on the basis of an approved I-130 Petition.

3.	Plaintiff Jennifer Rudolf (hereinafter "Mrs. Rudolf") is a 42 year old native and citizen of the United States, wife of Mr. Rudolf, the Petitioner on his I-130 Petition and directly impacted by the outcome of his consular processing. Mrs. Rudolf has suffered from significant emotional trauma and distress as a result of the delay in the processing of Mr. Rudolf's immigrant visa. She has been forced to raise their 6 year old daughter on her own; deprived of the emotional, physical and financial support of a husband and father to her daughter.

4.	Defendant State Department is an agency of the United States government involved in the acts challenged, employs the officers named as defendants, and includes the U.S. Consulate in Frankfurt Germany and officers named as defendants in this complaint.

5.	Defendant Hilary Clinton is the Secretary of State and this action is brought against her in her official capacity. She is charged with the administration and the enforcement of immigration and nationality laws relating to the powers, duties, and functions of diplomatic and consular officers of the United States.

6.	Defendant U.S. Consulate in Frankfurt Germany is a mission within the State Department and is involved in the acts challenged in this action. The U.S. Consulate is responsible for processing Mr. Rudolf's immigrant visa application.

7.	Defendant Edward M. Alford is the U.S. Consulate Consul General and this action is brought against him in his official capacity. He is responsible for oversight of all consular activities of the U.S. Consulate.

8.	Defendant Anne Simon is the Consulate Visa Branch Chief (hereinafter "Visa Branch Chief Simon") and this action is brought against her in her official capacity. She is responsible for all matters relating to visas and the administration of consular activities of the U.S. Consulate.

9. Defendant Chris Vogt is the Immigrant Visa Unit Chief (hereinafter "IV Unit Chief Vogt") and this action is brought against him in his official capacity. He directs the unit directly responsible for the processing of immigrant visa applications, including that of Mr. Rudolf.

10. Defendant Janet Napolitano is the Secretary of the Department of Homeland Security and this action is brought against her in her official capacity. She is generally charged with the administration and enforcement of all immigration and citizenship laws that are bound in the powers, duties and functions of the Department of Homeland Security.

11. Defendant Alejandro Mayorkas is the Director of USCIS and this action is brought against him in his official capacity. He is charged with the oversight, administration and execution of immigration laws of the United States.

12. Defendant Pamela G. Hutchings is the Director, Atlanta Field Office of USCIS and this action is brought against her in her official capacity. She is charged with the oversight, administration and execution of the operations of the Atlanta Field Office where Mr. Rudolf's I-212 Application remains pending.

## JURISDICTION

13. Jurisdiction in this case is proper under 8 U.S.C. § 1154(a)(1)(A)(i), INA § 204(a)(1)(A); 28 U.S.C. §§ 1331 and 1361, 28 U.S.C. § 2201 and 5 U.S.C. §701-706, *et seq*. Relief is requested pursuant to said statutes.

## VENUE

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Plaintiff resides. Action may be brought in any judicial district in which

Plaintiff resides so long as no real property is involved in the action. Plaintiff, Mrs. Rudolf is a legal resident of Fox Lake, Illinois, and no real property is involved in this action.

## EXHAUSTION OF REMEDIES

15. Plaintiffs have exhausted their administrative remedies. Plaintiffs have, through their attorneys, made numerous inquiries to the U.S. Consulate and to the Visa Office of the State Department concerning the status of Mr. Rudolf's immigrant visa application since Mr. Rudolf attended his interview on April 28, 2010, to no avail. Furthermore, Plaintiffs have, through their attorneys, made numerous inquiries through telephone calls and Infopass appointments at the USCIS Atlanta Field Office concerning the status of USCIS' adjudication of Mr. Rudolf's I-212 Application, again to no avail.

## CAUSE OF ACTION

16. Pursuant to INA § 204(a)(1)(A)(i), 8 U.S.C. § 1154(a)(1)(A)(i), Mrs. Rudolf submitted an I-130 Petition on behalf of Mr. Rudolf on December 13, 2004 with the Nebraska Service Center of USCIS. The I-130 Petition was filed to accord immigrant status on Mr. Rudolf as the spouse of a United States' Citizen.

17. The I-130 Petition was approved on October 19, 2005 and Mr. Rudolf had intended to adjust his status to that of a lawful permanent resident on the basis of said I-130 Petition as he was residing in the United States at the time.

18. However, Mr. Rudolf was wrongfully removed from the United States on November 14, 2005, while he had an asylum application still pending the review of the 11th Circuit, effectively depriving him of the opportunity to adjust his status to lawful permanent resident.

19.     After Mr. Rudolf's removal from the United States, the 11th Circuit reviewed and entered a decision reversing the Immigration Judge's and Board of Appeal's finding that Mr. Rudolf filed a frivolous asylum application, remanding his case for further proceedings.

20.     By the time the 11th Circuit entered the decision in favor of Mr. Rudolf; he had been removed from the United States and as such, could no longer adjust his status to lawful permanent resident.

21.     Having no other recourse, Mr. Rudolf decided to pursue his immigrant status via consular processing and on July 13, 2009, through his attorneys, contacted the NVC to initiate the processing of his immigrant visa application.

22.     In anticipation of his immigrant visa processing and realizing that he would need a waiver in order to reenter the United States prior to the expiration of the 5 year bar to admission applicable in his case as a result of his removal as an arriving alien, on July 2, 2009 Mr. Rudolf filed an I-212 Application with the USCIS Atlanta Field Office.

23.     The NVC completed its processing of Mr. Rudolf's petition on November 12, 2009 and sent notice that Mr. Rudolf's application had been forwarded to the U.S. Consulate in Frankfurt.

24.     On April 28, 2010, on the day of his interview, Mr. Rudolf applied for an immigrant visa at the U.S. Consulate pursuant to the approved I-130 Petition.

25.     Upon the conclusion of the interview, the consular officer indicated that everything was in order to issue Mr. Rudolf an immigrant visa but the immigrant visa could not be issued because Mr. Rudolf's I-212 Application was yet to be finally adjudicated even though his I-212 Application file had been transferred to the U.S. Consulate by the Atlanta Field Office.

26.     It became clear later on that despite multiple follow-ups through Infopass appointments at the Atlanta Field Office by local counsel Attorney Glenn Fogle, the Atlanta Field Office had

inexplicably forwarded Mr. Rudolf's I-212 Application file to the U.S. Consulate without adjudicating the I-212 Application, by which time it had been pending in the Atlanta Office for over eight months.

27. To ensure that there would be no further delay in the processing of his immigrant visa, Mr. Rudolf, through his attorneys, communicated on several occasions with the Atlanta Field Office and the U.S. Consulate in Frankfurt. In the months following his immigrant visa interview, Mr. Rudolf obtained and provided the U.S. Consulate with new and current German and U.K. Police Certificates and a letter from his Parole Officer, Mrs. Neumann, to confirm that his intended residence in the United States would not violate the terms of his probation order.

28. On September 2, 2010, Mr. Rudolf's attorneys sent a letter to the Consulate's Visa Branch Chief Simon, to follow up on Mr. Rudolf's immigrant visa processing and to request confirmation on the November 15, 2010 forthcoming expiration of the applicable bar to Mr. Rudolf's admission into the United States. Mr. Rudolf took all these steps to ensure that his visa would be issued as soon as feasible upon the expiration of the applicable 5 year bar.

29. In response to the follow-up letter, Visa Branch Chief Simon advised that Mr. Rudolf should contact the IV Unit upon the expiration of the applicable bar so that the processing of his case could proceed.

30. On November 15, 2010, as instructed, Mr. Rudolf, through his attorneys, contacted the IV Unit to advise that the applicable bar to his admission had expired and to request the forward processing of his immigrant visa application.

31. Since November 15, 2010, Mr. Rudolf, through his attorneys, has exchanged numerous communications with the U.S. Consulate, including one in which IV Unit Chief Vogt apologized for the delay in responding to inquiries on Mr. Rudolf's immigrant visa processing and for the

long processing of the case. IV Unit Chief Vogt had indicated that another interview would not be necessary as interviews are valid for one year and that the U.S. Consulate was likely to conclude review of Mr. Rudolf's case shortly thereafter.

32. To date, the processing of Mr. Rudolf's immigrant visa is yet to be completed nor has he received any instructions on any additional steps that may be required for the final adjudication of his immigrant visa. Furthermore, USCIS Atlanta Field Office never issued a final decision on Mr. Rudolf's I-212 Application, a major factor in the initial delay in the processing of Mr. Rudolf's immigrant visa.

33. Pursuant to 22 C.F.R. § 42.81(a) action on a visa application by a consular officer is mandatory. When a visa application has been properly completed and executed before a consular office in accordance with the provisions of the Immigration and Nationality Act and implementing regulations, the consular office must either issue or refuse the visa. In complying with the aforementioned section of the Code of Federal Regulations, the State Department's Foreign Affairs Manual stipulates that there are no exceptions to the rule that once a visa application has been properly completed and executed before a consular officer a visa must either be issued or denied. 9 Foreign Affairs Manual 42.81 (CT: VISA-964; 06-06-2008). Therefore, action on a visa application is not only mandatory, it is required by law.

34. Defendants have sufficient information to adjudicate Mr. Rudolf's immigrant visa application and as required Defendants should adjudicate Mr. Rudolf's immigrant visa application.

35. Defendants' refusal to act in this case is arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed and have refused to adjudicate Mr.

Rudolf's applications, thereby depriving the Plaintiffs of the right to a decision and the peace of mind to which they are entitled.

36. As a result of the refusal of the Defendants to adjudicate Mr. Rudolf's immigrant visa application, Plaintiffs have been deprived of each other's emotional and financial support and have been damaged by the failure of Defendants to act in accordance with their duties under the law.

37. As a result of Defendants' failure to perform their duties, Plaintiffs have suffered, are suffering and will continue to suffer irreparable harm. Mr. Rudolf and Mrs. Rudolf have suffered grievously as a result of these delays, having their lives and living situation placed in limbo during the interminable pendency of Mr. Rudolf's immigrant visa application. Mr. Rudolf has been deprived of the substantial and unique benefits of U.S. permanent residency: the right to enter and permanently remain in the United States; freedom of movement and travel; and the right to work in the United States. Because of these protracted and unconscionable delays, Mr. Rudolf has also been deprived of the opportunity to raise his minor daughter, Natalie Jane Rudolf, a United States Citizen, together with his wife.

38. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § § 555(b), 701, *et seq*., are unlawfully withholding or unreasonably delaying action on Mr. Rudolf's immigrant visa application and have failed to carry out the adjudicative functions delegated to them by law with regard to plaintiffs' case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

A. Assume jurisdiction over this action;

B.	Declare as unlawful the violation by Defendants of INA § 204(a)(1)(A)(i), 8 U.S.C. § 1154(a)(1)(A)(i) for failing to act on an approved immigrant petition for alien relative and properly filed immigrant visa application;

C.	Declare Defendants' failure to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1);

D.	Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling the Defendants to take action on Mr. Rudolf's applications, and to notify him whether his application has been granted or denied, and if granted, of the procedures to be followed for his receipt of his immigrant visa;

E.	Issue a writ in the nature of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling the Defendants to take action on Mr. Rudolf's immigrant visa application by either approving or refusing said application, and if the application is refused, that the decision include justification to preclude the sense of retaliation for having brought this lawsuit or for having exposed the Defendants' neglect;

F.	Grant an award of reasonable attorney's fees and expenses and the costs of Court to the Plaintiff under the Equal Access to Justice Act, or other applicable law; and

G.	Enter judgment in favor of the Plaintiff and against the Defendants and grant such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 31st day of January 2011.

/s/
R. Scott Oswald, ND IL Bar No. 458859
David Lawrence Scher, (*Pro Hac Vice* to be filed)
The Employment Law Group, P.C.
888 17th Street, N.W., Suite 900
Washington, D.C. 20006-3307
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
*dscher@employmentlawgroup.com*
*Counsel for Plaintiff*