UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERMAR RUDOLF and JENNIFER RUDOLF,<br><br>              Plaintiffs,<br><br>      v.<br><br>U.S. DEPARTMENT OF STATE, HILLARY CLINTON, United States Secretary of State, UNITED STATES CONSULATE GENERAL FRANKFURT, EDWARD M. ALFORD, Consul General U.S. Consulate General Frankfurt, ANNE SIMON, U.S. Consulate Frankfurt Visa Branch Chief; CHRIS VOGT, U.S. Consulate Frankfurt Immigrant Visa Unit Chief, JANET NAPOLITANO, Secretary, Department of Homeland Security, ALEJANDRO MAYORKAS, Director, U.S. Citizenship and Immigration Services, and PAMELA G. HUTCHINGS, Field Office Director U.S. Citizenship and Immigration Services,<br><br>              Defendants. | No. 11 C 674<br><br>Judge Samuel Der-Yeghiayan |

## MOTION TO DISMISS

The federal defendants, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, move to dismiss plaintiff's mandamus complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because (1) the claims against Department of Homeland Security (DHS) entities are moot since DHS has issued the decision requested by the plaintiff, and (2) this Court has no jurisdiction over the claims made against the Department of State. In support of their motion, the federal defendants state:

1.	Plaintiffs, Jennifer Rudolf, an American citizen, and Germar Rudolf, a German national, filed this complaint in U.S. District Court for the Northern District of Illinois, to compel the Department of State to issue an immigrant visa to Germar Rudolf and to compel the Department of Homeland Security to render a decision on Germar's Rudolph application for an I-212 waiver. On April 28, 2010, a consular officer at the United States Consulate Frankfurt, Germany apparently refused Germar Rudolf's visa application based on evidence that an I-212 (Application for Permission to Reapply for Admission into the United States After Deportation or Removal) had not been adjudicated by the Department of Homeland Security.

2.	Germar Rudolph's removal from the United States was the subject of two published opinions by the Eleventh Circuit: Scheerer a/k/s Rudolf v. United States Attorney General, 445 F.3d 1311 (2006) and 513 F.3d 1244 (2008), *cert. denied Scheerer v. Mukasey*, 129 S.Ct. 146 (2008). Since the complaint in this case has been filed, the Department of Homeland Security has denied plaintiff's waiver request on the grounds that it was no longer necessary in light of the fact that more than five years had elapsed since his removal from the United States on November 14, 2005. *See* Defendant's Exhibit 1. Accordingly, plaintiff's claims relating to the adjudication of the I-212 waiver should be dismissed as moot.

3.	What remains of this case is Germar Rudolf's request that the Court order the United States Consulate in Frankfurt, Germany to issue a decision on his immigrant visa application. Officials with the Department of State have represented to the undersigned Assistant United States Attorney that the case is now awaiting completion of security clearances which is necessary before Germar Rudolf can be re-interviewed and a decision issued on his application..

4.     The Supreme Court has noted that "{a} judicial readiness to issue the writ of mandamus in anything less than an extraordinary situation would run the real risk of defeating the very policies sought to be furthered by that judgment of Congress." *Kerr v. United States Dist. Ct. N. Dist. California*, 426 U.S. 394 (1976).   In order to state a mandamus claim, a plaintiff must establish (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002).

5.     In this case, plaintiff has failed to establish that he is clearly entitled to a ruling on the immigrant visa application at this point in time. The resolution of the I-212 application by DHS took place only one month ago. Furthermore, there are complicated issues that are not readily apparent from the face of the complaint. While the complaint alludes to a probation order, the complaint does not explicitly set forth the fact that Germar Rudolph has been convicted in Germany in 2007 for inciting hatred, disparaging the dead, and libel based on his activities and publications attempting to refute historical evidence relating to the holocaust. As a result of this conviction, Rudolf was sentenced to two and a half years imprisonment and released in 2009.

6.     Counsel for plaintiffs have taken the position with the State Department that these convictions are not for crimes involving moral turpitude that would make him ineligible for a visa on the grounds of INA 212(a)(2) 8 U.S.C. 1182(a)(2)) or any other provision of law.  Less than one week ago, opposing counsel forwarded to the undersigned Assistant United States Attorney a legal memorandum presenting their arguments which has been forwarded to legal counsel for the Department of State. Officials with the Department of State have informed the undersigned that the consulate in Frankfurt is now waiting for the completion of the security clearance process, after

which the applicant will be interviewed again so that the case can be adjudicated to completion. In light of the foregoing, plaintiff's claim that he is entitled to an immediate adjudication of his immigrant visa fails and should be dismissed.

      7.      Furthermore, this Court should not take action in this case at this time under the doctrine of consular non-reviewability. It has long been acknowledged that the decision of a consular officer to grant or deny a visa is not subject to court review. *See, e.g.*, *Centeno v. Schultz*, 817 F.2d 1212 (5th Cir. 1987), *cert. denied*, 484 U.S. 1005 (1988); ; *Ventura-Escamilla v. INS*, 647 F.2d 28 (9th Cir. 1981); *Garcia v. Baker*, 765 F. Supp. 426 (N.D. Ill. 1990). This well-settled doctrine is supported by Supreme Court precedent, the legislative history of the INA, and the terms of the statute itself. There is no statutory or other authority that authorizes judicial review of a consular officer's decision to deny a visa. Rather, the Immigration and Nationality Act confers upon consular officers the authority to issue or deny a visa and specifically exempts the exercise of this power from review by the Secretary of State. This is not a case in which the Department of State has improperly held the application in abeyance as was the case in *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997). According the information that State Department officials have provided to the undersigned, the consulate is in the process of finalizing security checks after which plaintiff will be re-interviewed before a decision is rendered. Such a course of action is reasonable and should not be disturbed by this court in light of the doctrine of consular non-reviewability and the special role that consulates play in the immigration process.

Accordingly, the federal defendants respectfully request that the complaint be dismissed.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Craig A. Oswald
    CRAIG A. OSWALD
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9080
    craig.oswald@usdoj.gov